UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEIDI J.,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C23-1460-BAT

**ORDER REVERSING AND REMANDING THE COMMISIONER'S DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred by (1) failing to designate irritable bowel syndrome ("IBS") as a severe impairment; (2) improperly rejecting plaintiff's symptom testimony; (3) misevaluating the medical opinions; and (4) and assessing an incomplete residual functional capacity ("RFC"). Dkt. 13-1, at 1. The Court finds that the ALJ did not cite substantial evidence to reject the moderate mental limitations opined by non-examining psychologists Leslie Postovoit, Ph.D., and Beth Fitterer, Ph.D. The Court therefore **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The Court discusses the other issues briefly and without precluding their reexamination on an open record with or without supplemental evidence and testimony.

## BACKGROUND

Plaintiff is currently 29 years old, attended two years of college, and has worked as a hospital food-service worker. Tr. 52, 226, 230. In May 2020, she applied for benefits, alleging disability as of April 29, 2020. Tr. 226. Her applications were denied initially and on reconsideration. Tr. 59–72, 75–90. The ALJ conducted a hearing in October 2022 and issued a decision in November 2022. Tr. 17–35, 41–56. The ALJ found that plaintiff met the insured status requirements through September 30, 2025, and that she has not engaged in substantial gainful activity since the alleged onset date of April 29, 2020. Tr. 20. The ALJ found that plaintiff has the severe impairments of migraines, major depressive disorder ("MDD"), general anxiety disorder ("GAD"), and attention deficit hyperactivity disorder ("ADHD"). Tr. 20. None of those impairments met or medically equaled the severity of a listed impairment. Tr. 21. The ALJ assessed that plaintiff has the RFC to perform a full range of work at all exertional levels with additional non-exertional limitations: not even moderate exposure to vibrations or hazards; only superficial public contact; a routine work environment with only minor workplace changes and with goals set by others. Tr. 26. The ALJ determined that plaintiff could not perform any past relevant work. Tr. 33. The ALJ found, however, that plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 33. The ALJ therefore found plaintiff to be not disabled. Tr. 34. As the Appeals Council denied plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1–6.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account

1  of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one

2  rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v.*

3  *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

4         Plaintiff alleges harmful error based on the ALJ's (1) failure at step two of the sequential

5  evaluation process to designate IBS as a severe impairment; (2) rejection of plaintiff's symptom

6  testimony; (3) misevaluation of the medical opinions; and (4) assessment of an incomplete RFC.

7  The Court finds that the ALJ committed reversible error by discounting the opinions of non-

8  examining psychologists Drs. Postovoit and Fitterer regarding moderate mental limitations

9  without citing substantial evidence. Although the Court does not find reversible error in the

10 ALJ's handling of the other medical opinions, this does not preclude the parties from revisiting

11 these issues with or without a supplemented record. The Court finds that the ALJ erred by

12 declining to determine IBS to be a severe impairment but does not reach harmfulness because

13 this issue will be examined upon remand. The Court declines to examine plaintiff's testimony

14 and a revised RFC because these issues are intertwined with a reevaluation of the medical record.

15        1.  **Medical Opinions**

16        The ALJ considers the persuasiveness of medical opinions using five factors

17 (supportability, consistency, relationship with claimant, specialization, and other), but

18 supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2),

19 416.920c(b)(2), (c) (2017). The ALJ must explain in the decision how persuasive he or she finds

20 a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors.

21 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ may, but is not required to, explain

22 how he or she considered the other remaining factors, unless the ALJ finds that two or more

23 medical opinions or prior administrative medical findings about the same issue are both equally

ORDER REVERSING AND REMANDING THE COMMISIONER'S
DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

1    well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3),

2    416.920c(b)(3) (2017). Nevertheless, an ALJ cannot reject a doctor's opinion as unsupported or

3    inconsistent without providing an explanation supported by substantial evidence. *Woods v.*

4    *Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

5         Plaintiff contends that the ALJ erred by discounting the opinions of treating psychiatrist

6    Dr. Jesse McClelland, M.D., improperly crediting *and* improperly discounting the opinions of

7    non-examining, agency psychologists Drs. Postovoit and Fitterer, and improperly crediting the

8    opinions of non-examining, agency physicians Dr. Nevine Makari, M.D., and Dr. Robert Stuart,

9    M.D. Dkt. 13-1, at 8–16. The Court finds that plaintiff has demonstrated that the ALJ failed to

10   cite substantial evidence for discounting Dr. Postovoit's and Dr. Fitterer's opinions that plaintiff

11   has moderate mental limitations due to ADHD, depression, and anxiety, and that error was

12   harmful because the RFC failed to account for those moderate mental limitations. The Court

13   notes, however, that on the current record plaintiff has not demonstrated harmful error with

14   respect to discounting the opinions of Drs. McClelland, Makari, and Stuart, or in giving

15   persuasive weight to the opinions of Drs. Postovoit and Fitterer.

16        **a.  Non-Examining Psychologists Drs. Postovoit and Fitterer**

17        The ALJ found unpersuasive the portions of Dr. Postovoit's August 2020 opinion and of

18   Dr. Fitterer's December 2020 opinion in which they variously concluded that plaintiff is

19   moderately limited in her ability (1) to carry out detailed instructions; (2) to maintain attention

20   and concentration for extended periods; (3) to perform activities within a schedule, maintain

21   regular attendance, and be punctual within customary tolerances; and (4) to complete a normal

22   workday and workweek without interruptions from psychologically based symptom and to

23   perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 31–

ORDER REVERSING AND REMANDING THE COMMISIONER'S
DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

32; *see* Tr. 68, 70 (Dr. Postovoit referring in initial determination to moderate limitations in areas 1, 3, and 4); Tr. 80, 88 (Dr. Fitterer referring on reconsideration to moderate limitations in areas 1, 2, and 4). The Court finds that plaintiff has demonstrated that the ALJ failed to cite substantial evidence for discounting the opinions of Drs. Postovoit and Fitterer regarding these moderate mental limitations.

The ALJ cited several reasons for discounting the moderate mental limitations opined by Drs. Postovoit and Fitterer: they are not consistent with the minimal course of mental health treatment and her presentation of rather normal cognition during general medical appointments; the limitations are not consistent with reported activities of daily living of doing chores, managing money, driving a car, playing games, and doing crafts; and the assessed RFC accommodated any exacerbation of mental symptoms during stressful situations by limiting plaintiff to a stable, predictable environment. Tr. 32. None of these reasons undermine the basis for the opined limitations—plaintiff's ADHD, depression, and anxiety—and the ALJ cited no medical provider who opined that plaintiff was less limited in these mental domains. Instead, the ALJ relied on unwarranted extrapolations from the medical record.

First, the ALJ concluded that the limitations opined by Drs. Postovoit and Fitterer are not consistent with plaintiff's minimal course of mental health treatment and her presentation of rather normal cognition during medical appointments for physical ailments. Tr. 32. The Ninth Circuit has emphasized that "it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir.

2014). Here, the ALJ took extrapolation from possible waxing and waning symptoms a step further by presuming that plaintiff's mental health treatment was a "minimal course of mental health treatment," though it is undisputed that plaintiff began such mental health treatment as far back as 2016, Tr. 51, and involved since she began treatment with psychiatrist Dr. McClelland in 2019 diagnoses of ADHD, anxiety, and depression addressed by such measures as the medications bupropion, venlafaxine, Ritalin, and lamotrigine, as well as at least two courses of transcranial magnetic stimulation ("TMS"), Tr. 44–45. This treatment history cannot be fairly characterized as a "minimal course of mental health treatment" that would justify rejecting the moderate mental limitations opined by Drs. Postovoit and Fitterer. In addition, the ALJ's citation to appointments for general medical care in which plaintiff showed normal cognition, Tr. 32, cannot reasonably undermine moderate mental limitations based on ADHD, anxiety, and depression rather than on cognitive deficits.

Second, the ALJ concluded that the moderate mental limitations opined by Drs. Postovoit and Fitterer were not consistent with reported activities of daily living such as doing chores, managing money, driving a car, playing games, and doing crafts. Tr. 32. Although such activities of daily living could conceivably undermine plaintiff's subjective testimony about the severity of her mental limitations, they do not reasonably show an inconsistency with the opinions of Drs. Postovoit and Fitterer. Drs. Postovoit and Fitterer did not indicate that plaintiff could do nothing more than "vegetate in a dark room." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). Rather, they opined that plaintiff had moderate mental limitations in several domains related to workplace functioning. Simply put, a person impaired by ADHD, depression, and anxiety could engage in such activities while still being moderately impaired in the workplace in the manner specified by Drs. Postovoit and Fitterer.

1       Third, the ALJ presumed that the assessed RFC accommodated any exacerbation of

2   mental symptoms during stressful situations by limiting plaintiff to a stable, predictable

3   environment. Tr. 32. That is, the ALJ rejected the moderate limitations opined by Drs. Postovoit

4   and Fitterer because any and all of plaintiff's mental limitations were accommodated by a stable,

5   predictable environment. This reason is conclusory and unsupported by medical evidence.

6   Although the ALJ acknowledged at step three that plaintiff has moderate limitations in her ability

7   to concentrate, persist, or maintain pace, and has moderate limitation in her ability to adapt and

8   manage oneself, he does not explain why he rejected aspects of the mental RFC assessed by Drs.

9   Postovoit and Fitterer. For example, Dr. Fitterer opined that plaintiff was limited to "semi-

10  complex tasks," and could maintain concentration, persistence, and pace "for up to 2-hours

11  continuously." Tr. 88. An ALJ may not substitute his or her own opinion for the findings and the

12  opinion of a physician. *See Gonzalez Perez v. Secretary of HHS*, 812 F.2d 747, 749 (1st Cir.

13  1987); *Adams v. Astrue*, 2008 WL 2345280, at *6 (W.D. Wash. June 6, 2008).

14      The ALJ's rejection of the moderate mental limitations opined by Drs. Postovoit and

15  Fitterer was not supported by substantial evidence and this error was harmful because the RFC

16  may not account for these limitations. Plaintiff has not, however, demonstrated that the ALJ

17  harmfully erred by giving more weight to the opinions of Drs. Postovoit and Fitterer than to the

18  opinions of treating psychiatrist Dr. McClelland. Plaintiff has not shown how ALJ relied

19  unreasonably upon the moderate limitations opined by Drs. Postovoit and Fitterer when, as

20  discussed *infra*, the more severe limitations opined by Dr. McClelland were discounted on the

21  basis of substantial evidence.

22

23

1

### b. Treating Psychiatrist Dr. McClelland

2        Plaintiff contends that the ALJ harmfully erred by discounting the 2020 and 2022

3   opinions of treating psychiatrist Dr. McClelland. On the current record, plaintiff has not

4   demonstrated reversible error.

5        As the ALJ noted, Dr. McClelland's 2020 opinion appeared to adopt plaintiff's account

6   about the severity of her mental limitations without critical evaluation, going so far as to employ

7   repeatedly and mistakenly first-person pronouns when describing plaintiff's symptoms. Tr. 32;

8   *see, e.g.*, Tr. 480 ("She'd spend the day struggling to concentrate on work, always falling behind.

9   This led her boss giving me a coaching on my attendance May of 2020. . . . It's difficult for her

10  to recognize symptoms because I've been living with them my whole life . . . ."). Moreover, the

11  opinions of Drs. Postovoit and Fitterer support the ALJ's determination that the marked mental

12  limitations opined by Dr. McClelland might not be fully supported by Dr. McClelland's

13  treatment notes or plaintiff's daily activities. Tr. 32, 77.  For example, on reconsideration in

14  December 2020, Dr. Fitterer remarked:

15              MER notes that the clmt has been capable of working, despite her
               depressive sx, until very recently. She is described in 3/20 Y note
16              as having benefitted greatly from the TMS tx before and she
               wanted additional tx (in conjunction w/ ongoing meds) because she
17              had experienced some psychosocial stress (COVID issues?).
               There, she endorsed moderate sx of depression and mild sx of
18              anxiety per her PHQ-9 and GAD-7 responses.
               . . . .
19              . . . .
               . . . .[Dr. McClelland's 2020] opinion is not fully consistent with
20              her past work and ability to attend school. . . . She is able to work
               superficially with the public, adjust to routine workplace changes,
21              and carryout semi-skilled tasks with intermittent waning of
               attention and pace.
22
    Tr. 77–78.
23

ORDER REVERSING AND REMANDING THE COMMISIONER'S
DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 8

1    Plaintiff has not demonstrated on the current record that the ALJ failed to support the

2    decision to discount the opinions of Dr. McClelland with substantial evidence. This does not,

3    however, preclude the parties from reexamining this question on an open record with or without

4    supplementation.

5        c.  **Non-Examining Physicians Drs. Makari and Stuart**

6    Plaintiff contends that the ALJ harmfully erred by adopting the physical limitations

7    opined in July 2020 by physician Dr. Makari and in December 2020 by Dr. Stuart. On the current

8    record, plaintiff has not demonstrated reversable error.

9    Drs. Makari and Stuart assessed physical limitations consistent with the RFC assessment.

10   *See* Tr. 26, 62–63, 69–70, 79, 87. The ALJ found these limitations persuasive because they were

11   consistent with the record. Tr. 34. That is, they were supported by normal objective findings

12   suggesting that her migraines, IBS symptoms, and other physical impairments were not

13   intractable (Tr. 31, 376, 411, 447, 452, 454, 456, 472, 492–93, 503, 516, 536, 544, 552, 558–59,

14   563–64, 574, 585, 598); plaintiff's improvement with treatment (Tr. 31, 451, 454, 471, 490,

15   552); and plaintiff's activities (Tr. 31, 247–50, 255–58, 286–89, 297–300).

16   Plaintiff has not demonstrated on the current record that the ALJ failed to support with

17   substantial evidence the decision to give persuasive weight to the opinions of Drs. Makari and

18   Stuart regarding her physical RFC. This does not, however, preclude the parties from

19   reexamining this question on an open record with or without supplementation.

20       2.  **IBS as a Severe Impairment**

21   Plaintiff contends that the ALJ erred at step two by failing to find IBS to be a severe

22   impairment. The Court agrees and on remand the ALJ should revisit the sequential evaluation

23   from step two forward.

ORDER REVERSING AND REMANDING THE COMMISIONER'S
DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 9

1    Plaintiff is correct that the ALJ erred by determining that IBS was not a severe

2    impairment at step two. An impairment or combination of impairments can be found "not

3    severe" only if the evidence establishes a slight abnormality that has no more than a minimal

4    effect on an individual's ability to work. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

5    The step-two inquiry has been characterized as "a de minimis screening device to dispose of

6    groundless claims." *Id.* The ALJ acknowledged plaintiff was diagnosed with IBS with

7    constipation and diarrhea about May 2020 and prescribed Miralax and Metamucil. Tr. 20; *see* Tr.

8    447–48, 490, 493, 572. The ALJ however dismissed the severity of plaintiff's IBS symptoms as

9    "transient or responsive to treatment." Tr. 20. The ALJ's choice to do so was legally erroneous.

10   The uncontradicted record shows that medical providers have for years treated plaintiff's IBS as

11   a severe impairment causing pain, constipation, diarrhea, cramping, and intestinal urgency,

12   which has included confirmation of the IBS diagnosis by specialists and the use of a colonoscopy

13   to better understand the etiology of plaintiff's intestinal distress. *See, e.g.*, Tr. 572–77. This

14   medical evidence was sufficient to satisfy the de minimis bar on groundless claims at step two

15   and the ALJ's evaluation of whether IBS meaningfully affected plaintiff's ability to work should

16   have been reserved for the RFC assessment.

17   The ALJ erred by determining at step two that plaintiff's IBS was not a severe

18   impairment. The Court need not address the harmfulness of the ALJ's step two error because this

19   matter is already being reversed for other reasons such that the ALJ may examine on remand

20   plaintiff's IBS when revisiting the sequential evaluation from step two forward.

21

22

23

ORDER REVERSING AND REMANDING THE COMMISIONER'S
DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 10

3.  **Plaintiff's Testimony and RFC**

Plaintiff contends that the ALJ erred by discounting plaintiff's symptom testimony and in assessing RFC. The Court need not reach these issues because they are intertwined with the evaluation of the medical evidence for which this matter is being remanded.

4.  **Remand for Further Administrative Proceedings**

The Court remands this matter for further administrative proceedings because the ALJ harmfully erred when evaluating the medical evidence; the ALJ erred at step two and should therefore revisit the sequential evaluation; and it is not clear on the current record that plaintiff is disabled. *See Strauss v. Commissioner of the SSA*, 635 F.3d 1135, 1138 (9th Cir. 2011); *Bunnell v. Barnhart*, 336 F.3d 1112, 1116 (9th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ should receive supplemental medical and other evidence, request (if needed) an independent evaluation of mental limitations, hold a new hearing, and revisit the sequential evaluation from step two forward.

DATED this 2nd day of April, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING THE COMMISIONER'S
DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 11